**Julius SCHURKMAN, Petitioner–Appellant,**

v.

**BUREAU OF PRISONS, Respondent–Appellee.**

**No. 05–0793–pr.**

United States Court of Appeals, Second Circuit.

July 6, 2006.

David A. Lewis, Appeals Bureau, Federal Defenders of New York, Inc., New York, N.Y., for Petitioner–Appellant.

Lawrence H. Fogelman, Assistant United States Attorney (Sara L. Shudofsky, Assistant United States Attorney, on the brief) for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Respondent–Appellee.

PRESENT: Hon. ROGER J. MINER, Hon. GUIDO CALABRESI, Hon. PAUL R. MICHEL,[1] Circuit Judges.

## SUMMARY ORDER

Julius Schurkman ("Schurkman") appeals the December 29, 2004, denial of his petition for habeas corpus relief by the United States District Court for the Southern District of New York (Chin, *J.*). Based on two convictions for conspiracy to commit mail and wire fraud in violation of 18 U.S.C. §§ 371, 1341, and 1343, as well as an additional conviction for mail fraud in violation of 18 U.S.C. § 1341 and an additional conviction for conspiracy to commit money laundering in violation of 18 U.S.C. §§ 371 and 1956(a)(1), Schurkman was sentenced to two consecutive terms of fifty-four months imprisonment followed by a three-year term of supervised release. On appeal, Schurkman challenges 28 C.F.R. § 523.20 (2004), a Bureau of Prisons ("BOP") regulation that governs the method for calculating good time credits pursuant to 18 U.S.C. § 3624(b).

In a decision that anticipated two subsequent opinions of this court—*Sash v. Zenk,* 428 F.3d 132 (2d Cir.2005) ("*Sash I*") and *Sash v. Zenk,* 439 F.3d 61 (2d Cir.2006) ("*Sash II*")—the district court found that 18 U.S.C. § 3624(b) was ambiguous, that *Chevron* deference applied to the BOP's regulation, and that the regulation was therefore reasonable. We assume the par-

**1.** The Honorable Paul R. Michel, Chief Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

ties' familiarity with the facts, the procedural history, and the specific issues on appeal.

As Schurkman concedes, our court's decisions in *Sash I* and *Sash II* fully and squarely resolve the questions raised by the instant petition. We are "bound by the decisions of prior panels until such time as they are overruled either by an en banc panel of our Court or by the Supreme Court." *United States v. Wilkerson,* 361 F.3d 717, 732 (2d Cir.2004). No such intervening decision is present in this case, and thus we are bound to apply *Sash I* and *Sash II.*

We have considered the remaining arguments made by Petitioner–Appellant and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.